**IN THE COURT OF APPEALS OF IOWA**

No. 19-1866
Filed January 9, 2020

**IN THE INTEREST OF M.M. and A.M.,**
**Minor Children,**

**K.S., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Rebecca C. Sharpe of Aitken, Aitkin & Sharp, P.C., Bettendorf, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BLANE, Senior Judge.**

A mother appeals the termination of her parental rights to two school-aged children. Her only argument is termination is not in the children's best interests. We review the record de novo[1] and conclude termination is in their best interests.[2]

Seven-year-old A.M. and five-year-old M.M. were first removed from their home due to an incident of domestic violence between their mother and her paramour. Other concerns soon became apparent: the mother and her paramour were using and selling drugs with the children present. The mother had a long history of drug use, domestic violence, associating with and allowing the children to be around unsafe persons, and general instability. The children reported watching her take drugs, watching her being beaten by her paramour, being beaten themselves by the paramour, and being exposed to guns and dangerous people.

The mother has never addressed the Iowa Department of Human Services's (DHS) concerns. She never complied with requests for random drug tests and obtained a substance-abuse evaluation only a few weeks before the termination hearing. Although she planned to enter a treatment program shortly after the hearing, she stated she has no substance-abuse problem and is only going because DHS told her she must to get her children back. She continued to

---

[1] Review of termination-of-parental-rights proceedings is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). "Although we are not bound by the juvenile court's findings of fact, 'we do give them weight, especially in assessing the credibility of witnesses.'" *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018) (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

[2] The juvenile court also terminated the father's parental rights. He does not participate in this appeal.

maintain contact with the paramour who abused her and exposed the children to him. She denied it when confronted. She did not obtain any mental-health treatment; she reported she completed a domestic violence program but there was no record of it. She continued associating with unsafe people: a few months after the children were removed, the mother was traveling in a car with some associates when they participated in a shooting near a high school. The mother was shot and was physically incapacitated for several months while recovering. She was also unable to work during that time. She had no stable housing throughout the proceedings.

The mother missed roughly half of her offered visits with the children. She was often late or left early. She had to sign an agreement to not use her phone during visits. The children's therapist recommended suspending visitation because the mother enabled the children's negative, trauma-informed behaviors, which escalated during and after her visits and when she failed to show up for visits. DHS also temporarily suspended visits when the mother sent abusive and threatening texts to the social worker. Although DHS attempted to resume visits, the mother was late or failed to appear for three meetings to discuss the topic.

The children have been diagnosed with ADHD, ODD, PTSD, and anxiety disorder. The mother denies they have any of these disorders and does not acknowledge the source of their trauma in how they were raised in her care. She denies they have any mental health needs.

At the termination hearing, the mother stated she had no substance-abuse, mental-health, or domestic violence issues. More troubling is her denial of the children's mental-health issues. She insisted any trauma the children experienced

was "fed" to them by DHS and their therapist. The juvenile court stated she "is in denial"; we find her testimony defensive, evasive, and lacking in candor. The juvenile court found the grounds for termination were shown under Iowa Code section 232.116(1)(d), (f), and (i) (2019), and the mother does not contest the grounds were proved. She only argues termination is not in their best interests.

The children's best interests are "our fundamental concern." *M.D.*, 921 N.W.2d at 232 (quoting *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014)). We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the[ir] long-term nurturing and growth . . . , and to the[ir] physical, mental, and emotional condition and needs." Iowa Code § 232.116(2). Their safety and need for a permanent home are "the defining elements in [their] best interests." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

On this record, we have no trouble concluding it is in the children's best interests to terminate the mother's parental rights. The mother made little effort to resolve the initial issues that led to juvenile court intervention in the family: substance-abuse, domestic violence, and mental-health concerns. Even at the termination hearing, she denied the validity of any of those concerns. She has amply demonstrated her lack of interest in addressing and resolving the issues through these proceedings. She denied the existence of any safety concerns, was dishonest with DHS, and carried on with her troubling conduct. The children have been thriving in their foster homes where their foster parents are seeing to their extensive physical and psychological needs. They have been integrated into those homes. We affirm the termination of the mother's parental rights.

**AFFIRMED.**